UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION


UNITED STATES OF AMERICA,       )
                                )
            Plaintiff,          )
                                )
    vs.                         )       Cause No. 1:07-cr-0015-01 (L/F)
                                )
CHARLEY WALKER,                 )
                                )
            Defendant.          )


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION


This matter is before the undersigned U. S. Magistrate Judge pursuant to the Order entered

by the Honorable William T. Lawrence, Judge, on February 24, 2010, designating this Magistrate

Judge to conduct a hearing on the Petition for Summons or Warrant for Offender Under Supervision

filed with the Court on February 23, 2010, and to submit to Judge Lawrence proposed Findings of

Facts and Recommendations for disposition under Title 18 U.S.C. §§3401(i) and 3563(c). All

proceedings were held on March 12, 2010 in accordance with Rule 32.1 of the *Federal Rules of

Criminal Procedure*. Mr. Walker appeared in person with his appointed counsel, Michael Donahoe.

The government appeared by Gayle Helart, Assistant United States Attorney. U. S. Parole and

Probation appeared by Michelle Fitzgerald, U. S. Parole and Probation officer, who participated in

the proceedings. The parties orally consented on the record to the Magistrate Judge conducting all

required proceedings in this case and making a report and recommendation of the disposition of the

case thereafter to the District Judge.

On March 12, 2010, the Court conducted the following procedures in accordance with Rule 32.1(a)(1) *Federal Rules of Criminal Procedure* and Title 18 U.S.C. §3563:

1. Michael Donahoe was present and appointed by the Court to represent Mr. Walker in regard to the pending Petition for Revocation of Probation.

2. A copy of the Petition was provided to Mr. Walker and his counsel. The Magistrate Judge summarized the specifications of the alleged violations and, further, Mr. Walker and his counsel informed the Court that they had read and understood the specification of violations and waived further reading thereof.

3. Mr. Walker was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his probation contained in the pending Petition.

4. Mr. Walker would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. Mr. Walker had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. If the preliminary hearing resulted in a finding of probable cause that Mr. Walker had violated an alleged condition or conditions of his probation set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with his and the government's consent, as well as Lawrence's designation entered on February 24, 2010.

7. Mr. Donahoe stated that Charley Walker would stipulate there is a basis in fact to hold him on the specifications of violations of probation set forth in the Petition. Mr. Donahoe executed a written waiver of the preliminary examination, which was accepted by the Court.

8. Mr. Walker, by counsel, admitted that he committed the specifications of violations set

forth in the Petition, filed with the Court as follows:

Violation Number       Nature of Noncompliance

1              **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, uses, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician."**

             **"The defendant shall refrain from any unlawful use of a controlled substance."**

             **"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."**

             On December 22, 2009, the offender submitted a urine specimen which was not human urine as the sample lacked creatinine. Mr. Walker admitted to supplying his probation officer with a sample of toilet water. On December 23, 2009; January 22, 2010; and February 10, 2008, the defendant submitted urine specimens which tested positive for marijuana. Mr. Walker admitted using marijuana from around Thanksgiving 2009. He denies any further use of marijuana since before Christmas 2009. Kroll laboratories confirmed the presence of marijuana metabolites in the January 22, 2010, and February 10, 2010 specimens.

2              **"The defendant shall answe r truthfully all inquiries by the probation officer and follow the instructions of he probation officer."**

             On January 16, 2010, the defendant submitted a urine sample which tested negative for illegal drug use. He submitted a sample on January 22, 2010, which tested positive for marijuana. Subsequent samples collected on January 23, January 31, and February 1, 2010, were negative for illicit drug use. A sample collected February 10, 2010 was positive for marijuana. Although the defendant adamantly denies the continued use of marijuana, this pattern clearly indicates repeated marijuana use on multiple occasions.

The Court placed Mr. Walker under oath and directly inquired of Mr. Walker whether he admitted violations of the specifications of his probation set forth above. Mr. Walker admitted the above violations as set forth.

Counsel for the parties further stipulated to the following:

1)      Mr.  Walker has a relevant criminal history category of III, U.S.S.G. §7B1.4(a).

2)      The most serious grade of violation committed by Mr. Walker constitutes a Grade C violation, pursuant to U.S.S.G. §7B1.1(b).

3)      Pursuant to U.S.S.G. §7B1.4(a) upon revocation of probation, the range of imprisonment applicable to Mr. Walker is 5-11 months.

The parties agreed on the appropriate disposition of the case as follows:

a.      The defendant's probation be modified to require a period of home detention, with electronic monitoring for 6 months.

b.      If the defendant tests positive for any illegal drug use during that 6 months period, he will be transported to a community corrections center, namely, the Volunteers of America, in Indianapolis, Indiana, for a period of 180 days and shall observe the rules of that facility.

c.      Upon completion of any confinement, the defendant will not be subject to any further probation.

The Court having heard the evidence and/or arguments of Mr. Walker, his counsel and the government, now finds that Mr. Walker violated the specified conditions of probation as delineated above in the Petition to Revoke his probation.

Mr. Walker's probation is therefore **MODIFIED** and he is required to reside in home detention with electronic monitoring for a period of 6 months, with no probation upon completion

-4-

of that requirement. If defendant tests positive for any illegal drug use during the six month home detention, he will be transported to a community corrections center, namely, the Volunteers of America, in Indianapolis, Indiana, for a period of 180 days and shall observe the rules of that facility.

The Magistrate Judge requests that Ms. Fitzgerald, U. S. Parole and Probation Officer, prepare for submission to the Honorable William T. Lawrence, Judge, as soon as practicable, a probation modification judgment, in accordance with these findings of facts, conclusions of law and recommendation.

Counsel for the parties and Mr. Walker stipulated in open court waiver of the following:

> 1. The government and the defendant consented on the record to this Magistrate Judge handling all proceedings.
>
> 2. Notice of the filing of the Magistrate Judge's Report and Recommendation;
>
> 3. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72(b), *Federal Rules of Civil Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U.S. District Court for the Southern District of Indiana.*

Counsel for the parties and Mr. Walker entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

WHEREFORE, the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above

recommendation revoking Charley Walker's probation.

IT IS SO RECOMMENDED this 31st day of March, 2010.

Kennard P. Foster, Magistrate Judge
United States District Court
Southern District of Indiana

Distribution:

Gayle Helart,
Assistant U. S. Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204

Michael Donahoe,
Epstein Cohen Donahoe & Mendes
Meridian Centre
50 S. Meridian Street, #505
Indianapolis, IN 46204

U. S. Parole and Probation

U. S. Marshal